FILED'09 JUN 04 1536USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN JOSEPH BURNS,

        Petitioner,        Civil No. 09-450-CL

     v.                    ORDER

J.E. THOMAS,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner, an inmate at FCI Sheridan, filed a petition under 28 U.S.C. § 2241 alleging "respondent's refusal to comply with my Doctor's prescribed treatment plan for my diabetic condition subjects me to a cruel and unusual punishment in violation of my rights secured under the U.S. Constitution, Eighth Amendment." Petitioner did not pay a filing fee or file an application to proceed in forma pauperis.

    Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)

1 - ORDER

(quoting Preiser v. Rodriquez, 411 U.S. 475. 484 (1973)). "A civil rights action, in contrast, is the proper method of challenging 'conditions of ... confinement.'" Badea, 931 F.2d at 574 (quoting Preiser, 411 U.S. at 498-99). While it is possible that some claims may have a remedy under either the Civil Rights Act or habeas corpus statutes, see Preiser, the preferred practice in the Ninth Circuit appears to require that all challenges to conditions of confinement be brought in a civil rights complaint. See, Badea, supra; Crawford v. Bell, 599 F.2nd 890, 891-92 & n. 1 (9th Cir. 1979).

Accordingly, the court construes petitioner's habeas corpus petition as a civil rights complaint against federal officials pursuant to Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971). See, Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (District Court has the discretion to construe a habeas petition attacking conditions of confinement as a civil rights complaint); see also, Hassain v. Johnson, 790 F.2d 1420, 1420-21 (9th Cir. 1986) (per curiam) [construing a federal prisoner's civil rights complaint as both a petition for habeas corpus relief and a Bivens action for civil rights violations] and Tucker v. Carlson, 925 F.2d 330 (9th Cir. 1991) [to the extent that a federal prisoner's pleading seeks damages for a civil rights violation, it should be construed as a Bivens action].

As noted above, petitioner did not pay a filing fee or file an application to proceed in forma pauperis. Petitioner

is advised that the filing fee civil action filing fee is $350. Petitioner is allowed 30 days from the date of this order to either pay the $350 filing fee or to file an application to proceed in forma pauperis on a form to be provided by the clerk of the court.

Petitioner is further advised that if the court determines he is indigent, he may be allowed to proceed without the **pre**-payment of the fee. However, plaintiff will be obligated to pay the entire fee pursuant to protocols established by the court. Specifically, plaintiff will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his prison trust account. These payments shall be collected and forwarded by the agency having custody of plaintiff to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $350 is paid in full.

If plaintiff does not pay the fee or apply for in forma pauperis status within 30 days of the date of this order, this case will be dismissed for failure to prosecute.

Petitioner's Motion for Appointment of Counsel (#2) is denied without prejudice to request reconsideration after the filing fee issue has been resolved. However, petitioner is advised that there is no constitutional right to appointed counsel in a civil case.

IT IS SO ORDERED

DATED this 4 day of ~~May~~ June, 2009.

3 - ORDER

_____
Mark D. Clarke
United State Magistrate Judge

4 - ORDER