FILED'09 SEP 08 11:33USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN JOSEPH BURNS,

        Petitioner,

Civ. No. 09-450-CL

v.

WARDEN J.E. THOMAS,

**ORDER**

        Respondent.

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke filed a Report and Recommendation, and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Petitioner has filed objections. I have reviewed the file of this case de novo. 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981).

    I agree with the Report and Recommendation that petitioner must bring his challenge to alleged deficiencies in medical care at FCI Sheridan in a civil rights action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

2 - ORDER

(1971), rather than a habeas petition under 28 U.S.C. § 2241. See <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991); <u>Meeks v. Federal Bureau of Prisons</u>, Civ. No. 09-524-HA, 2009 WL 1884472 (D. Or. June 29, 2009). Judge Clarke issued an order on June 4, 2009, explaining that petitioner must pay the filing fee for a civil action or seek in forma pauperis status. On July 15, 2009, after petitioner had failed to comply with the previous order, Judge Clarke issued the Report and Recommendation now at issue, giving petitioner 30 days to comply. Petitioner has not complied.

In his objections to the Report and Recommendation, petitioner argues that his challenge to medical care at FCI Sheridan may be brought in a habeas petition. Petitioner cites <u>Allen v. Daniels</u>, Civ. No. 05-1277-BR, 2006 WL 1704514 (D. Or. June 14, 2006), where a federal inmate brought a habeas petition raising a similar claim. This court denied the inmate's claim on the merits and did not address whether the claim should have been raised in a civil action. <u>Allen</u> does not apply here.

Petitioner contends that if he files a civil action challenging his medical care, he will need to exhaust his administrative remedies before this court may address the merits of his claim. Assuming (without deciding) that exhaustion would be required, that would not justify allowing petitioner to proceed under the habeas statute.

2 - ORDER

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#9) is adopted. This action is dismissed without prejudice and with leave to refile after petitioner pays the civil filing fee of $350 or files an application for forma pauperis status.

IT IS SO ORDERED.

DATED this _9_ day of September, 2009.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER